IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. LEO H. ODOM

**Appeal from the Criminal Court for Davidson County**
**No. 96-B-946     Steve R. Dozier, Judge**

_____

**No. M2016-00523-CCA-R3-CD – Filed December 9, 2016**

_____

Defendant, Leo H. Odom, is appealing the trial court's denial of his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Criminal Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Leo H. Odom, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel, for the Appellee, State of Tennessee.


## MEMORANDUM OPINION


The record on appeal before us reflects that in July 1997 Defendant pled guilty to second degree murder and was sentenced as a violent offender to thirty years imprisonment to be served at 100%. On December 21, 2015, Defendant filed a motion to correct an alleged illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court summarily denied the motion on February 2, 2016. The Appellant timely filed notice of appeal. Following the filing of the record on appeal and Defendant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, the motion is hereby granted.

In the motion he filed in the trial court, Defendant argued that his sentence is illegal because he was sentenced outside the applicable range. The trial court disagreed because Defendant specifically waived his right to a range one sentence in his guilty plea.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

Defendant previously challenged the length of his sentence in a habeas corpus petition. He repeats that argument now in his Rule 36.1 challenge. In affirming the denial of habeas corpus relief, this Court stated as follows:

> In support of his argument, [Defendant] asserts that at the time of his indictment for first degree murder, he had no prior felony convictions as an adult; thus, he argues his classification as a Range II offender, which requires a minimum of two prior felony convictions, was error. *See* T.C.A. § 40-35-106 (2003). [As noted by this Court in a footnote, Defendant was sentenced pursuant to the plea agreement as a violent offender, not as a Range II offender]. Indeed, [Defendant] contends that because he was a juvenile when the murder was committed and he had no prior felony convictions, he was entitled to be sentenced as an especially mitigated offender. *See* T.C.A. § 40-35-109 (2003). [Defendant] does not contest the requirement that he serve 100% of his sentence as a violent offender.

> In ordering dismissal of the petition, the trial court entered the following findings:

2

> [It] appears . . . that the thirty (30) year sentence contested by [Defendant] was a compromise judgment on a plea to a charge of second degree murder reduced from a first degree murder indictment. The trial court could have the authority and jurisdiction to sentence petitioner to thirty (30) years on an agreed plea. At best this sentence would only be voidable, but not void. Nor has the sentence expired. For the reasons stated this petition is denied.

At the time [Defendant] was indicted, the law provided that premeditated murder "shall be punishable by . . . (2)[i]mprisonment for life without possibility of parole; or (3)[i]mprisonment for life." T.C.A. § 39-13-202(c)(2)-(3) (Supp. 1996). It is apparent from the record that [Defendant] was successful in negotiating a plea agreement which eliminated his possible exposure to a life sentence and allowed him to receive a sentence of thirty years for a Class A felony. [Defendant] and the State may negotiate offender classifications, and even release eligibility, because they "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes*, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2002) (habeas corpus relief denied where guilty plea provided for "hybrid sentence" in which the length of one of petitioner's sentences was in Range II, but his release eligibility date was in Range I); *Hicks v. State,* 945 S.W.2d 706, 709 (Tenn. 1997) (post-conviction relief denied; our supreme court held that sentence was valid where Petitioner's plea bargain provided for "hybrid sentence" involving Range II length of incarceration and Range I release eligibility percentage)); *see also State v. Mahler,* 735 S.W.2d 226, 228 (Tenn. 1987). As found by the trial court, because "offender classifications" are non-jurisdictional and subject to waiver within the context of a guilty plea, there is nothing which appears on the face of the judgment or the record of the proceedings before us which indicates that [Defendant's] thirty-year sentence is illegal or void. *See William L. Smith v. Virginia Lewis, Warden, et al.*, No. E2004-01800-SC-R11-HC (Tenn., Sept. 14, 2006).

*Leo H. Odom v. Tony Parker, Warden*, No. W2006-00217-CCA-R3-HC, 2006 WL 3327822, at *2 (Tenn. Crim. App. Nov. 13, 2006) (footnotes omitted), *no perm. app. filed*.

As noted above, the supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *Wooden*, 478 S.W.3d at 594-95. Indeed, the court observed that the language of Rule 36.1 "mirrors" the definition of an illegal sentence for habeas corpus purposes. *Id.* Accordingly, this Court's analysis in [Defendant's] habeas corpus action controls the outcome herein. The trial court correctly ruled that [Defendant] did not state a colorable claim for relief pursuant to Rule 36.1. Clearly, the thirty-year sentence he received for second degree murder, a Class A felony, is within the applicable range of fifteen to sixty years authorized by statute. *See* T.C.A. § 40-35-11(b)(1). Our supreme court has specifically held that "a plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007).

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
TIMOTHY L. EASTER, JUDGE